PORTER, Appellant, v. BROWNS VALLEY STATE BANK, Respondent.

(169 N. W. 231).

(File No. 4348. Opinion filed Nov. 4, 1918).

Corporations—Corporate Funds in Bank, Check Upon to Pay Manager's Debt—Manager's Note to Bank, and Check, Directed Verdict for Corporation—Sufficiency of Evidence.

In a suit by a corporation's receiver, to recover from defendant bank the amount of money previously checked out of said bank by plaintiff's secretary and manager and alleged to have been applied on his individual debt to the bank, held, that trial court erred in directing verdict against defendant bank; plaintiff's only proof being an exhibit purporting to be a promissory note drawn to defendant, the corner thereof where maker's name usually appears having been torn off, the manager's name being endorsed on its back, and a check upon said bank, with proof that defenadnt had collected same; such alleged note being no evidence of an individual indebtedness from the manager to the bank; nor was the answer, admitting that the manager had given his individual notes for moneys borrowed by the corporation, sufficient to make with the evidence introduced a

prima facie case for defendant, neither the amounts nor dates of such notes being alleged.

Smith, J., not sitting.

Appeal from Circuit Court, Brown County.  HON. JOSEPH BOTTUM, Judge.

Action by Clement F. Porter, as receiver of the Independent Elevator Company, a corporation, against the Browns Valley State Bank, a corporation, to recover for moneys alleged to belong to plaintiff and applied by defendant bank in payment of plaintiff manager's debt.  From a judgment for defendant on directed verdict, and from an order denying a new trial, plaintiff appeals.  Affirmed.

*Frank McNulty,* and *Howard Babcock,* for Plaintiff.

*Murphy & Anderson,* and *Campbell & Walton,* for Respondent.

Appellant cited:

Porter v. Lien, 36 S. D. 18, 153 N. W. 905; 8 Corpus Juris, page 108, Sec. 198; Lincoln v. Hinzey, 51 Ill. 435; Kister v. Peters, 223 Ill. 607, 79 N. E. 311, 7 L. R. A. (N. S.) 400.

Respondent cited:

8 Corpus Juris. 108.

WHITING, P. J.   Plaintiff, as receiver of a certain corporation, alleged that one Norby had formerly been the secretary and manager of such corporation; that Norby had drawn a check in the name of such corporation upon a bank in which such corporation had funds upon deposit sufficient to meet such check; that Norby had given such check to defendant in payment of an individual indebtedness owing from Norby to defendant; and that defendant had collected such check of the bank on which it was drawn.  There was no allegation that the indebtedness of Norby to defendant was evidenced by a note.

To establish his case, plaintiff introduced in evidence an exhibit purporting to be a promissory note drawn to defendant. The lower right-hand corner of such exhibit had been torn off, so that there appeared no name of the maker on the face of the exhibit. On the back of such exhibit appeared indorsed, among other names, that of Norby.  Plaintiff also placed in evidence the check, and proof that defendant had collected same.  Plaintiff then rested his case, and the trial court, upon motion of defendant, directed

a verdict for defendant. From a judgment entered upon such verdict, and from an order denying a new trial, this appeal was taken.

The sole question before us is the correctness of the court's ruling in directing the verdict. The usual place for the signature of the maker of a note is upon the fact thereof and at the lower right-hand corner. Certainly, without further proof, this exhibit, with its lower right-hand corner torn off, was no evidence of an individual indebtedness from Norby to defendant, merely because Norby's name was indorsed upon the back thereof. The answer admitted that at different times Norby had given his individual notes for moneys borrowed by the corporation of defendant. The answer did not describe any particular note that had been so given. Appellant contends that this answer was sufficient to make, with the evidence introduced, a prima facie case for appellant. If the complaint had alleged that Norby's indebtedness to defendant was evidenced by a note, describing it, and then the answer had, by way of confession and avoidance, admitted the execution of such note, but alleged it was given for a debt of the corporation, then appellant might well contend that the admission in the "confession" was sufficient in connection with appellant's evidence to make out appellant's prima facie case. But the jury, simply because defendant had admitted that at times Norby had given his own notes, neither the amounts nor dates of such notes being alleged, would have had no right to infer that this particular exhibit was one of the notes which Norby had so given to defendant.

The judgment and order appealed from are affirmed.

SMITH, J., not sitting.